UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELADIO JUAN ENTRAGO
MARTINEZ,

      Petitioner,

  v.                         Case No.:  2:26-cv-01991-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondent,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Eladio Juan Entrago Martinez's Petition

for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Entrago Martinez is a native of Cuba who was paroled into the United

States on January 6, 1992.  Following a drug conviction, an immigration judge

ordered Entrago Martinez removed to Cuba on June 10, 1999.  On May 13,

2025, Entrago Martinez was convicted of additional drug crimes and sentenced

to two years' imprisonment.  He was released from prison on April 14, 2026,

and transferred to the custody of Immigration and Customs Enforcement

("ICE").  ICE initially detained Entrago Martinez at Alligator Alcatraz, but it

has since moved him to the Central Louisiana ICE Processing Center in Jena,

Louisiana.  Entrago Martinez claims his detention is unlawful and asks for release on an order of supervision.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Entrago Martinez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Entrago Martinez fails to carry his initial burden. He provides no reason to believe ICE cannot remove him in the reasonably foreseeable future. The Court will thus dismiss his petition without prejudice. If Entrago Martinez believes he can show that removal is not likely, he should file a new habeas petition in the district court

that serves the place of his detention—currently the Western District of Louisiana.

Accordingly, it is hereby

**ORDERED:**

Eladio Juan Entrago Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case. Because the government recently transferred Entrago Martinez to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on July 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record